No. 19,605.

A. BASS, *Appellee*, v. THE LIFE & ANNUITY ASSOCIATION, *Appellant*.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*Nonforfeiture Value of Certificate—Practice.* A question as to the effect of chapter 211 of the Laws of 1913 held not to have been raised in time to be considered in this action.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion denying a rehearing filed October 9, 1915. (For original opinion of modification see *ante*, p. 205, 150 Pac. 588.)

*A. R. Lamb*, of Coffeyville, *S. H. Allen*, and *Otis S. Allen*, both of Topeka, for the appellant.

*Z. Wetmore*, of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: The plaintiff has filed a petition for rehearing, which upon full consideration is denied. After the expiration of the time fixed by the rules of the court for the filing of a petition for a rehearing, but while that filed by the plaintiff was still pending, the defendant also tendered such a petition, asking to be allowed to file it out of time. Such permission is granted. The defendant's petition asks a rehearing on the ground that at the time the plaintiff requested the issuance of a paid-up certificate the association had no power to issue it, because of the enactment of chapter 211 of the Laws of 1913. That statute is entitled as one providing for "non-forfeiture values" in certificates of any fraternal beneficiary society "which values such certificates upon any established table of mortality and maintains the reserve required thereon for that purpose." It reads:

"Any fraternal beneficiary society transacting business in this state, that provides in its laws or in benefit certificates or policies for the accumulation and maintenance of the reserve required by the American Experience Table of Mortality and an interest assumption of not more

Bass v. Annuity Association.

than four per cent or that accumulates and maintains the reserve re-
quired by the National Fraternal Congress table of mortality and an
interest assumption of not more than four per cent per annum or a re-
serve equal thereto, may grant to all its members holding such benefit
certificates or policies on which the reserve as herein specified is ac-
cumulated and maintained, extended and paid-up protection and such
withdrawal equities as its constitution and laws may provide with re-
spect to such members."

The defendant asserts that under the evidence the amount
held by it in reserve on the plaintiff's certificate was $210.42,
while under the statutory test it should have been $739.97 in
order to authorize the issuance of a paid-up certificate for
$1500. In the petition it is said: "This statute was cited on
page five of appellant's brief but was evidently overlooked by
the court in its discussion and opinion." The reference to the
statute on the page of the brief referred to was in these words:

"The act of the Association which plaintiff claims is a repudiation is
the adoption on July 23, 1913, of by-laws which are found on pages 11
and 12 of the Abstract, and which provides for a rate or sum to be paid in
accordance therewith by every member of the association, who desires
a paid-up certificate at any time, not exceeding the face value of his
certificate. This rate as determined in accordance with said by-laws
required plaintiff to pay a higher rate than he had been paying if he
desired a paid-up certificate. The rate to be charged was based on the
experience of the defendant and the National Fraternal Congress Tables
of Mortality with an interest assumption of 4 per cent which is regarded
an adequate and reasonable rate to be charged for insurance among
fraternal insurance societies in order to mature paid-up certificates, and is
recognized by law as such in this state. (Ch. 211 Laws 1913.)"

The only other reference to the statute in the brief was in
the concluding paragraph, where it was said:

"The legislatures of many states are requiring fraternal associations
to charge adequate rates by law. The 'Mobile Bill' and the 'New York
Conference Bill' has required fraternal associations to charge adequate
rates, and a step in this direction has been made by the Legislature of this
state (Chap. 211 Laws 1913) where the legislature has said that the
American Experience Table of Mortality and 4 per cent interest or the
National Fraternal Congress Table of Mortality and 4 per cent interest
shall be the rates charged by fraternal associations issuing paid-up cer-
tificates. It seems to us that this Association has anticipated the feeling
that is going through the country, that the rates charged by fraternal
associations are too low, and has voluntarily raised its rates and has
done what the legislature of various other states has forced upon the
fraternal associations, and that this court should sustain its action."

The question of the effect of the statute of 1913 upon the plaintiff's rights does not appear to have been raised in the district court, and we do not regard the matter just quoted from the defendant's brief as presenting it or even suggesting it for the consideration of this court. The statute took effect on March 19, 1913. The plaintiff pleaded that he demanded a paid-up certificate on January 11, 1913. His evidence showed a formal demand made by letter on May 29, 1913. He testified that he presented in all four or five demands. One was shown to have been made later than this date. The others were probably earlier. We conclude that the contention that any right the plaintiff would otherwise have had to a paid-up certificate was cut off by the statute was not raised in time, and should not be considered in this action. The defendant's petition for a rehearing is denied on that ground.